# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael J. Cook and Michael Lapensky, as Trustees of the Minnesota Ceramic Tile and Allied Trades Retirement Fund; Michael J. Cook and Richard C. Dentinger, as Trustees and on behalf of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Pension Fund; Michael J. Cook and Paul R. Weise, as Trustees and on behalf of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Health Fund; Michael J. Cook and Monica A. Kelley, as Trustees and on behalf of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Vacation Fund; Michael J. Cook and Timothy J. Miller, as Trustees and on behalf of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Journeyman and Apprentice Training Trust Fund; James Boland and Gregory Hess, as Trustees and on behalf of the Bricklayers and Trowel Trades International Pension Fund; and James Boland and Michael Schmerbeck, as Trustees and on behalf of the International Masonry Institute,

Civ. No. 15-4295 (PAM/TNL)

**MEMORANDUM AND ORDER**

                Plaintiffs,

v.

Forsland Jones Inc., a Minnesota corporation; and Derek M. Jones,

                Defendants.

_____

This matter is before the Court on Plaintiffs' Motion to Compel Fringe Benefit

Audit, Posting of a Surety Bond, and for Entry of Default Judgment (Docket No. 18).

Defendants did not attend the June 22, 2016, hearing on the Motion. Accordingly, the

Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1.      The Court's jurisdiction is based on 29 U.S.C. § 1132, which is part of the

Employee Retirement Income Security Act of 1974 ("ERISA"), and 28 U.S.C. § 1331.

2.      Plaintiffs are Trustees of the Minnesota and North Dakota Bricklayers and

Allied Craftworkers Pension Fund, Health Fund, Vacation Fund, and Journeyman and

Apprentice Training Trust Fund ("the Trust Funds"), and are fiduciaries of multiemployer

plans as defined at 29 U.S.C. § 1002(37)(A).

3.      The Trust Funds are established by Agreements and Declarations of Trusts,

under the Labor Management Relations Act of 1947 (the Taft-Hartley Act). As required

by the Taft-Hartley Act, the Trust Funds are governed by a board of trustees with equal

representation from labor and management. The Trust Funds are established to provide

pension, health, and other benefits to employees doing work in the trades under the

jurisdiction of the International Union of Bricklayers and Allied Craftworkers, Local 1

Minnesota/North Dakota ("Local 1"), for employers who are bound to a Collective

Bargaining Agreement, Independent Agreement, Participation Agreement, or To-Be-

Bound Agreement, and also to the eligible dependents of those employees.

4.      Defendant Forsland Jones Inc. ("Forsland Jones") is a Minnesota

corporation and employer of certain employees doing work in the trades under the

jurisdiction of Local 1. Forsland Jones is signatory to the Tile Layers and Finishers, Chapter #18, Independent Agreement with Local 1, which Forsland executed on May 13, 2014 (the "Independent Agreement").

5.      Defendant Derek M. Jones ("Jones") is an officer and stockholder of the employer, Forsland Jones. Jones is personally and individually bound to the Independent Agreement under the terms and conditions of the Independent Agreement, which provides in part that it is binding personally and individually upon each of the individuals, partners, officers or stockholders of the employer.

6.      The Independent Agreement is for the period of May 1, 2013 through April 30, 2016.

7.      Under the Independent Agreement, Forsland Jones is required on a monthly basis to submit to Plaintiffs' Third-Party Administrator ("TPA") fringe benefit contribution Report Forms, and to pay on a monthly basis fringe benefit contributions for each hour worked by all employees covered by the Independent Agreement. The Report Forms and payment are due on or before the 20th day of the month following the month in which the work was performed.

8.      Under 29 U.S.C. § 1132(g)(2)(C) and Article 6, Section 8, of the Independent Agreement, liquidated damages of ten percent (10%) of the contributions are required to be paid if the employer fails to timely submit the Report Forms or pay the contributions.

9.      Pursuant to the express terms of the Trust Agreements, which are expressly incorporated into the Independent Agreement, and pursuant to ERISA and common law, Forsland Jones is obligated to promptly furnish to the TPA on demand all necessary employment and payroll records relating to employees covered by the Independent Agreement, including any other relevant information that may be required in connection with the administration of the Trust Funds and collection of fringe benefits.  The Trust Agreements, ERISA and common law also authorize the TPA to examine all Employer records whenever such examination is deemed necessary in connection with the proper administration of the Trust Funds (such an examination is referred to as an "audit").

10.     Forsland Jones has never submitted a Report Form to the TPA and has never paid any fringe benefits for work performed.  On or about March 9, 2015, the TPA demanded in writing that Forsland Jones allow the TPA to perform an audit of Forsland Jones' payroll records for the time period of May 2014 to the present.  Forsland Jones did not respond to the TPA's letter.  The TPA made subsequent requests via telephone and email, but received no response from Forsland Jones.  On June 15, 2015, and again on October 20, 2015, counsel for the Trust Funds made written demand on Forsland Jones and Jones to comply with the Trust Funds' audit rights.  Neither Forsland Jones nor Jones responded to the demands.

11.     Under 29 U.S.C. § 1132(g)(2)(C) and Article 6, Section 8, of the Independent Agreement, Forsland Jones' delinquency triggered an obligation to post a

bond or cash security with the TPA in favor of the Trust Funds in the amount of $50,000, or $25,000 if 5 or less employees.

12.     By virtue of not submitting Report Forms, not paying contributions, not furnishing records necessary to conduct a fringe benefit audit, and not posting the required surety bond, Forsland Jones and Jones have defaulted under their obligations to the Plaintiffs, violated the terms and conditions of the Independent Agreement, and breached the Independent Agreement.

13.     Plaintiffs commenced this action on December 4, 2015, to enforce the Defendants' fringe benefit obligations.  Forsland Jones was served with the Summons and Complaint on December 23, 2015, through the Minnesota Secretary of State, and Jones was personally served on March 5, 2016.

14.     Defendants failed to plead or otherwise defend in this action, and pursuant to Plaintiffs' Application for Clerk's Entry of Default, the Clerk of Court entered the default of the Defendants on March 9, 2016 and March 30, 2016, respectively, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

15.     Pursuant to 29 U.S.C. § 1132(g)(2) and the Independent Agreement, Defendants are required to pay and the Court shall award to Plaintiffs:

        A.     The unpaid contributions;

        B.     Interest on the unpaid contributions at the rate provided under the Plan, or if none, the rate prescribed under 26 U.S.C. § 6621;

C.      Liquidated damages of ten percent (10%) of the unpaid contributions;

D.      Reasonable attorney fees and costs of the action; and,

E.      Such other legal or equitable relief as the Court deems appropriate.

16.     In addition to the foregoing relief, under 29 U.S.C. § 1132(a)(3) Plaintiffs are entitled to seek relief enjoining any act or practice which violates any provision of subchapter I of ERISA, and to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of said subchapter or the terms of the Plan.

17.     Under 29 U.S.C. § 1145, every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

18.     Plaintiffs sought in their Complaint both equitable relief and entry of a money judgment, including seeking the following:

A.      Compelling a fringe benefit audit;

B.      Compelling the posting of surety bond in the amount of $25,000.00 or $50,000.00, depending on the number of collectively bargained employees Forsland employs; and,

C.      Granting a money Judgment against the Defendants, jointly and severally, for unpaid contributions due or coming due during the

pendency of this action, together with liquidated damages, interest, and reasonable attorney fees and costs.

19.     Plaintiffs now seek Judgment by default for the foregoing relief. Defendants are in default, and Plaintiffs are entitled to the relief requested.

## CONCLUSIONS OF LAW

1.     Defendants are in default, and Plaintiffs are entitled to the entry of default judgment against Defendants under Fed. R. Civ. P. 55(b)(2).

2.     Defendants are obligated to provide the TPA with all employment and payroll records necessary to conduct a fringe benefit audit.

3.     Defendants are obligated to post with the TPA a surety bond in the amount of $25,000.00, subject to increase to $50,000.00, depending on the number of collectively bargained employees Forsland Jones employs.

4.     Defendants are liable for all contributions owing through the date of the fringe benefit audit, plus liquidated damages of ten percent (10%) of the unpaid contributions, and interest on the unpaid contributions, together with reasonable attorney fees and costs of this action.

## ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law, **IT IS HEREBY ORDERED that:**

1.     Plaintiffs' Motion to Compel Fringe Benefit Audit, Posting of Surety Bond, and for Entry of Default Judgment (Docket No. 18) is **GRANTED**;

2.      Within fourteen (14) days of the date of this Order, Defendants Forsland Jones Inc. and Derek M. Jones, jointly and severally, are ordered to furnish to Zenith American Solutions, Inc., the Plaintiffs' third party administrator, all employment and payroll records and other relevant information necessary for a fringe benefit audit;

3.      Defendants, jointly and severally, are ordered to cooperate fully with the fringe benefit audit ordered herein;

4.      Within 14 days of the date of this Order, Defendants, jointly and severally, shall post with Zenith American Solutions, Inc. a surety bond in the face amount of $25,000.00.  This amount is subject to an increase to $50,000 if the audit reveals that Defendants employ six or more people covered by the CBA;

5.      Judgment is granted in favor of Plaintiffs and against Defendants, jointly and severally, for all unpaid contributions Defendants owe Plaintiffs through the date of the audit, plus liquidated damages of ten percent (10%) of the unpaid contributions, and interest on the unpaid contributions, together with reasonable attorney's fees and costs of this action.  Final Judgment for a sum certain for the foregoing shall be entered without further hearing as provided herein;

6.      After completion of the fringe benefit audit as ordered herein, Plaintiffs shall serve and file an Affidavit of the fringe benefit auditor setting forth the amount of the unpaid contributions Defendants owe Plaintiffs through the date of the audit, liquidated damages owing, and interest on the unpaid contributions, and an Affidavit of Plaintiffs' counsel setting forth the amount of the reasonable attorney fees and costs of

this action.  Defendants shall be allowed ten days after service and filing of the Affidavits to serve and file any objections to the amounts stated in the Affidavits.  After the ten-day period expires, the Court will order Judgment against the Defendants, jointly and severally, for a sum certain as determined by the Court, without further hearing; and

7.      Plaintiffs' counsel shall mail a copy of this Order to each of the Defendants at their last known address by both first class mail and certified mail, return receipt requested, which shall constitute due and proper service of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 22, 2016                          *s/Paul A. Magnuson*
                                                              Paul A. Magnuson
                                                              United States District Judge